IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION IN ADMIRALTY

CASE NO.: _____

IN THE MATTER OF:

Petition by **Royal Caribbean Cruises Ltd.**,
as owner of the unnamed 2022 Sea-Doo GTX PRO,
for Exoneration from or Limitation of Liability

### PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Petitioner, ROYAL CARIBBEAN CRUISES LTD. ("RCL'"), as owner of the unnamed 2022 Sea-Doo GTX PRO ("vessel"), under Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, Local Admiralty Rule F, and 46 U.S.C. § 30501 *et seq.*, hereby petitions this Court for Exoneration from or, in the alternative, Limitation of Liability to the post-casualty value of its interest in the subject vessel for all claims arising from an incident involving HAFEEZAH BOSS ("Boss"), which occurred on or about May 23, 2022, while the vessel was upon navigable waters near CocoCay, Bahamas, and as grounds therefore states and alleges:

1. This action arises within the Admiralty and Maritime Jurisdiction of this Court within the meaning of Federal Rule of Civil Procedure 9(h) as more fully appears below and is brought by Petitioner pursuant to the terms of the Limitation of Liability Act and Federal Rule of Civil Procedure, Supplemental Admiralty Rule F, governing Limitation of Liability actions.

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 30501 *et seq.*

3. At all times material hereto, Petitioner was a foreign corporation duly organized and existing under the laws of Liberia.

4. Venue is proper in this Court pursuant to Supplemental Rule F(9) as the subject vessel has not been attached nor arrested and suit has not been commenced against the owner in any other court.

5. Venue is also proper in this Court because the Passenger Ticket Contract entered into between Petitioner and Boss contains a forum-selection clause to litigate all claims in the Southern District of Florida in Miami-Dade County, Florida.

6. The incident at issue occurred on or about May 23, 2022, while KINARD LANG ("Lang"), Boss' travel companion, operated a Sea-Doo upon navigable waters near CocoCay, Bahamas. The alleged incident occurred while Boss rode in the back of the Sea-Doo that Lang operated.

7. At the time of the subject incident, Petitioner was operating approximately fifty (50) Sea-Doos that are registered for use in CocoCay, Bahamas, the location of the subject incident. Petitioner is presently unable to identify the specific vessel involved in the incident, however, all of the Sea-Doos in use in CocoCay at the time of the incident were GTS models from 2016 and 2018, GTI PRO models from 2019 and 2020, and GTX PRO models from 2022.

8. For purposes of this Petition, Petitioner will stipulate that the Sea-Doo involved in the incident was the most valuable one in use at CocoCay at the time (i.e., the 2022 GTX PRO model).

9. On or about May 23, 2022, Boss and Lang were passengers on RCL's cruise ship, *Independence of the Seas.*

10. On or about May 23, 2022, while the ship was in CocoCay, Bahamas, Boss and Lang participated in the "CocoCay Wave Jet Tour" excursion in the waters off the coast of CocoCay and off the cruise vessel. Their excursion group included nine (9) others Sea-Doos.

- 2 -

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

11.     Upon information and belief, while Lang was operating the vessel with Boss as a passenger, Boss fell off the vessel and struck her leg on the side of the vessel, resulting in a displaced fracture of the lateral malleolus of her right fibula.

12.     At all times material to this action, Petitioner was the sole owner of the subject vessel and and was without privity or knowledge of any negligent and/or unseaworthy condition of the vessel which may have caused or contributed to any injury sustained by Boss by reason of the incident described herein.

13.     Petitioner, as owner of the subject vessel, seeks exoneration pursuant to Supplemental Rule F(2) and, in the alternative, seeks to claim and invoke the rights, privileges, remedies and procedures of the Shipowners' Limitation of Liability Act, 46 USC 30501 *et seq*.

14.     This Petition is filed within six (6) months of the date Petitioner received first notice of any possible claim from any claimant following the aforementioned incident.

15.     At all times material prior to the fire at issue, Petitioner exercised due diligence to make the subject vessel seaworthy in all respects and suitable for its intended operations.

16.     Petitioner employed, and/or contracted to employ, regular inspection practices to ensure the subject vessel was properly maintained at all times material.

17.     There was no negligence on the part of the Petitioner that caused or contributed to the subject incident or any alleged injury or loss or damage sustained as a result of the subject incident.

18.     At all times material hereto, Petitioner exercised reasonable care under the circumstances.

19.     The incident at issue and any ensuing damages were not caused by fault of the subject vessel or Petitioner, as owner of the subject vessel, or any person or entity for whose actions Petitioner is responsible.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

20. Neither the subject vessel nor Petitioner, its owner, are liable to any extent, and they are entitled to exoneration from liability from all losses, damages, injury, and death occasioned and incurred by, or as a result of, the incident.

21. Petitioner further alleges any and all losses, damages, and/or injuries resulting from the incident occurred as a result of actions, omissions, or conditions which Petitioner did not participate in, had no knowledge of, and had no reason to know about.

22. Petitioner, as owner of the subject vessel, should be exonerated of and from any liability for any losses, damage, or injury arising out of the incident described above, as it was not caused by any neglect of Petitioner.

23. Petitioner lacked privity or knowledge of the circumstances, actions, or omissions giving rise to the incident at issue.

24. Thus, and without admitting liability, in the event the subject vessel is held responsible to anyone by reason of the matters set forth above, Petitioner claims the benefit of the limitation of liability provided in 46 U.S.C. § 30501 *et seq*.

25. As a result of the incident described herein, a claim has been presented to Petitioner which is believed to exceed the value of the vessel. Petitioner is presently unaware of the total amount of claims that may be made for damages stemming from the subject incident, but anticipates and believes that a lawsuit will be asserted and prosecuted against it in amounts exceeding the total sum or sums for which Petitioner may be legally responsible or may be required to pay under the Limitation of Liability Act.

26. There are no demands, lawsuits, unsatisfied liens, or claims of lien against the vessel arising out of the subject voyage, other than the claim presented by Boss.

- 4 -

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

27. To the best of Petitioner's knowledge, the vessel did not sustain damage in the subject incident. The entire aggregate amount and value of Petitioner's interest in the vessel at the end of the subject voyage is USD $12,950.00 as reflected in the *Ad Interim* Stipulation for Value filed contemporaneously herewith.

28. Petitioner files, contemporaneously herewith, an *Ad Interim* Stipulation for Costs and Value in the appropriate form for the payment into Court of the amount of Petitioner's interest in the Vessel, together with interest at the rate of 6% per annum from the date of said stipulation, and for costs; and, in addition thereto, Petitioner is prepared to give bond or stipulation for any amount in excess of the *Ad Interim* Stipulation for Costs and Value as may be ascertained and determined to be necessary under orders of this Court, and as provided by the laws of the United States and the Federal Rules of Civil Procedure.

29. If it later appears that Petitioner is or may be liable and the amount or value of Petitioner's interest in the vessel as aforementioned is not sufficient to pay all losses in full, then all claimants shall share *pro rata* in the aforementioned sum, saving to claimants any rights or priority they may have as ordered by this Court or as provided by the above statutes, rules, and/or practices of this Court.

**WHEREFORE**, Petitioner, ROYAL CARIBBEAN CRUISES LTD. ("RCL"), as owner of the subject vessel respectfully requests:

a) Upon the filing of the *Ad Interim* Stipulation for Value and Costs herein described, this Honorable Court direct the Clerk of Court to issue the proposed Notice filed by Petitioner herein, which admonishes all persons, firms, or corporations asserting claims for any and all losses, damages, injuries, death, or destruction, with respect to which Petitioner seeks exoneration from

or limitation of liability, to file their respective claims with the Clerk of this Court and to serve on Petitioner's attorneys a copy thereof, on or before the date specified in the notice;

b) Upon the filing of the *Ad Interim* Stipulation for Costs and Value herein described, the Court issue the proposed injunction filed by Petitioner herein, which restrains the commencement or prosecution of any action or proceeding of any kind against Petitioner, the subject vessel, and/or or any of Petitioner's property, with respect to any claim for which Petitioner seeks limitation, including any claim arising out of or connected with any loss, damage, injuries, or destruction resulting from the Incident described in the Complaint;

c) If any claimant who files a claim shall also file an exception contesting the value of the subject vessel as alleged herein, and the amount of the *Ad Interim* Stipulation for Costs and Value as aforesaid, this Court shall cause due appraisement to be had of the value of the Vessel following the casualty and of the value of Petitioner's interest therein and pending freight, if any, and in which event this Court shall enter an Order for the filing of an amended stipulation for the aggregate value, as so determined, of Petitioner's interest in the subject vessel, if any;

d) This Court adjudge Petitioner and the subject vessel not liable to any extent whatsoever for any losses, damages, injuries, or destruction, or for any claim whatsoever done, occasioned, or incurred as the result of the matters and happenings referred to in this Complaint; or, in the alternative, if the Court should adjudge that Petitioner is liable in any amount whatsoever, that said liability may be limited to the value of Petitioner's interest in the subject vessel, and may be divided *pro rata* among such claimants; and that a judgment be entered discharging Petitioner and the subject vessel of and from any and all further liability and forever enjoining and prohibiting the

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

filing or prosecution of any claims against Petitioner and the subject vessel, in consequence of, or connected with, the matters and happenings referred to in this Complaint; and

e)  This Court grant Petitioner such other and further relief that justice may require.

Respectfully Submitted,

**/s/ *Carlos Chardon*** 
Jerry D. Hamilton, Esq.
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
Carlos J. Chardon, Esq.
Florida Bar No. 517631
cchardon@hamiltonmillerlaw.com
Spencer B. Price, Esq.
Florida Bar No. 1001044
sprice@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
*Attorneys for Petitioner, RCL*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 22, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

**/s/ *Carlos Chardon*** 
Carlos J. Chardon, Esq.

- 7 -

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690